UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEN MOORE,

        Plaintiff,

v.                                        Case No. 1:08-CV-966

HEXACOMB CORPORATION,              HON. GORDON J. QUIST

        Defendant.

_____/

## MEMORANDUM ORDER GRANTING MOTION
## TO SET ASIDE ENTRY OF DEFAULT

      The Court has before it Defendant's motion to set aside entry of default.  Plaintiff filed his complaint in Kalamazoo County Circuit Court on or about August 28, 2008.  Plaintiff served Defendant's registered agent on September 15, 2008.  The state court entered a default on October 13, 2008, after Defendant failed to answer within the time provided by M.C.R. 2.105(A)(1).  Defendant thereafter removed the case to this Court on October 14, 2008, and filed an answer on October 21, 2008.  As this Court stated in its November 21, 2008, Order, Defendant's notice of removal was timely.

      Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause."  The decision to set aside a default is a matter committed to the district court's discretion.  *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2004).  A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry."  *Id.* at 353.  In deciding a motion to set aside a clerk's entry of default, a court should consider three factors, whether:  "(1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable

conduct led to the default." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing, among others, *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). "Although these are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." *Id.* (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir. 1986)). Moreover, a district court abuses its discretion by failing to set aside a default when the first two factors weigh in favor of setting the default aside. *Id.*

In the instant case, the first two factors weigh in favor of setting the default aside. First, given the fact that Defendant has already filed an answer and did so shortly after timely removing the case to this Court, Plaintiff will not be prejudiced if the default is set aside. In fact, Plaintiff does not argue otherwise. Second, Defendant has presented meritorious defenses to Plaintiff's claims under the Americans with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act. That is, Defendant claims it did not violate either of those laws and that Plaintiff has failed to mitigate his damages. As with the first consideration, Plaintiff does not contest this point. Finally, nothing suggests that Defendant's culpable conduct led to the entry of default. Although Defendant did not answer within the time required by state law, Defendant timely removed the case to this Court. Following removal, Defendant filed an answer in this Court. That answer was timely under Rule 81(c)(2)(C), which provides that a defendant who did not answer before removing the case has "5 days after the notice of removal is filed" to answer.

Plaintiff's only contention is that Defendant's answer was untimely because it was filed 7 days after the notice of removal was filed, not 5 days, as required by Rule 81(c)(2)(C). Plaintiff further points out that the rule states 5 days, not 5 business days. This argument, however, is simply

2

wrong.  Pursuant to Rule 6(a)(2), intermediate Saturdays and Sundays are excluded from the computation of time when the period is less than 11 days.  In addition, "the day of the act, event, or default that begins the period" is excluded.  Fed. R. Civ. P. 6(a)(1).  The 5-day period under Rule 81(c)(2)(C) commenced October 15, 2008 – the day after Defendant filed the notice of removal.  Pursuant to Rule 6(a)(2), the intervening Saturday and Sunday were excluded from that period.  Accordingly, the period ended on October 21 – the day Defendant filed its answer.  Regardless, because the first two considerations weigh in favor of setting aside the default, the motion should be granted.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion To Set Aside Entry Of Default (docket no. 10) is **GRANTED**.  The Clerk shall set aside the Default entered by the Kalamazoo County Circuit Court on October 13, 2008.


Dated:  December 5, 2008                         _____/s/ Gordon J. Quist_____
                                                                      GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE

3